UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

```
CARLOS OWENS,                    )
                                 )
         Plaintiff               )
                                 )    No. 3:07-1134
v.                               )    Judge Trauger/Brown
                                 )
CORRECT CARE SOLUTIONS, LLC,     )
                                 )
         Defendant               )
```

**TO: THE HONORABLE ALETA A. TRAUGER**

## REPORT AND RECOMMENDATION

For the reasons stated below, the Magistrate Judge recommends that this complaint be dismissed with prejuiced for failure to prosecute and to obey Court orders.

## BACKGROUND

The Plaintiff, at the time a prisoner at the Hill Detention Center in Nashville, Tennessee, filed a complaint under 42 U.S.C. 1983 (Docket Entry 1), alleging a violation of his civil rights. The complaint alleges that he entered a sick call on or about July 25, 2007, concerning consistent pain in his legs. He alleges that he was not seen and that on August 17, 2007, he entered another sick call. He alleges that he was seen on August 22, 2007, but was told that the Defendant did not treat discomfort. He alleges there was no kind of screening or examination performed on him on that date. He alleges that he then entered another sick call on October 1, 2007, and was again told that the Defendant did not treat discomfort and he could order paid medications from the

commissary. He alleges that when he stated that he did not have funds, he was told that was not their problem. He alleged that he had not been examined or treated by anyone as of the date of his complaint, which was signed November 6, 2007. Plaintiff alleged that the pain was not a discomfort, but it was extremely painful and that he was also told that he had to be seen for the same problem three times before attention would be given to it.

The Court reviewed his complaint and allowed him to proceed in *forma pauperis* (Docket Entry 3). In that order he was also forewarned that prosecution of his action could be jeopardized should he fail to keep the Clerk's office informed of a current address. The matter was referred to the undersigned for pretrial matters and to recommend disposition on any dispositive matter.

Subsequently, service of process was obtained on Correct Care Solutions, LLC and they filed an answer on January 9, 2008 (Docket Entry 9). In their answer they denied any improper treatment of the Plaintiff. A scheduling order was then entered by the undersigned (Docket Entry 13). The scheduling order provided a cutoff for discovery of May 12, 2008, and set a telephone conference for April 28, 2007. In the scheduling order the Plaintiff was again warned of the necessity of keeping the Court and opposing counsel informed of a current address. The Plaintiff was warned that his failure to do so could result in a

recommendation the action be dismissed for failure to prosecute and for failure to comply with the Court's orders.

The Plaintiff did file one pleading (a motion to amend relief) (Docket Entry 11). This motion requested that his damages be increased from $50,000 to $300,000, and that he be allowed to sue for medical negligence, pain and suffering, mental anguish, distress, and medical discrimination. He also indicated in this pleading a new address on Brooksboro Terrace in Nashville, Tennessee. The Magistrate Judge, upon receiving this pleading, noted that the Plaintiff had not served a copy on opposing counsel and advised him how to do so in the future. The two orders entered by the undersigned on January 16, 2008 (Docket Entries 12 and 13), were sent by certified mail, and Docket Entry 14 reflects that they were received by the Plaintiff.

At the time appointed for the telephone conference set in the scheduling order for April 28, 2008, at 10:00 a.m., counsel for the Defendant advised that counsel had been unable to locate a telephone number for the Plaintiff. He advised that he had written the Plaintiff at the Brooksboro Terrace address, but had received no response. The Court therefore set an in-court hearing for Monday, May 12, 2008, at 9:30 a.m. In this order (Docket Entry 15), the Magistrate Judge specifically warned the Plaintiff that failure to appear at the hearing could result in this case being dismissed for failure to prosecute and to obey Court orders. The

3

Magistrate Judge also noted that May 12, 2008, was the deadline for completing discovery and Defendant's counsel advised that the Plaintiff had not responded to their discovery requests in this matter. The Plaintiff was further warned that failure to respond to discovery could result in this case being dismissed for failure to prosecute and obey Court orders.

The attorney for the Defendant advised that they had no opposition to his motion to amend the complaint (Docket Entry 11), and, therefore, the amendment was granted.

On May 12, 2008, at the time scheduled for the hearing, counsel for the Defendant appeared, but the Plaintiff did not appear. Counsel for the Defendant advised that they had had no contact with the Plaintiff and had received no response to their discovery, which was outstanding and overdue.

The Court's records do not reflect that regular mail sent to the Plaintiff has been returned, and counsel for the Defendant advised that mail he had sent to the Plaintiff had not been returned as undeliverable.

**LEGAL DISCUSSION**

The dismissal of a case should not be undertaken lightly. The Sixth Circuit has set forth a four-part test to apply when considering an involuntary dismissal of a case. *See Tetro v. Elliott Popham Pontiac*, 173 F.3d 988 (6th Cir. 1999); *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 366-67 (6th Cir. 1997); *Mulbah v.*

4

*Detroit Board of Education*, 261 F.3d 586 (6th Cir. 2001); and *Bowels v. City of Cleveland*, 129 Fed.Appx.239 (6th Cir. 2005)(unpublished opinion). The criteria to be considered are as follows: (1) whether the party's failure to cooperate is due to wilfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dilatory conduct of the parties; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered. *Tetro* at 992.

The Plaintiff in this matter has been advised on at least three occasions of the need to keep a current address and to follow Court orders. It appears that the Plaintiff has failed to respond to discovery within the deadlines provided. The Plaintiff failed to provide a telephone number in order to participate in the telephone conference originally scheduled for April 28, 2008, and has failed to appear for the hearing set on May 12, 2008. It appears the only action the Plaintiff has taken since returning the service package was a notice of his change of address to Brooksboro Terrace on January 8, 2008 (Docket Entry 7), and his motion to amend the pleadings on January 11, 2008 (Docket Entry 11).

The Court must be able to control its docket and to have its cases move along on at a scheduled pace. The Plaintiff in this case has simply refused to do that and has blatantly ignored the Federal Rules of Civil Procedure and the Court's specific orders.

5

In addition, the Plaintiff has been specifically warned that failure to act could result in a dismissal of his case.

Applying the four-step test, it appears that:

1. the Plaintiff's actions in this matter are willful, he has failed to respond to discovery by the deadline; he has failed to participate in a telephone conference; and he has failed to appear for a Court hearing.

2. The Defendant in this matter is prejudiced inasmuch as the Defendant has been unable to obtain any discovery from the Plaintiff concerning the merits of his case.

3. The Plaintiff has been repeatedly warned that failure to comply with Court orders could lead to dismissal.

4. The Magistrate Judge has attempted to schedule a hearing in order to resolve the problems in this matter, but the Plaintiff has simply failed to appear.

Under these circumstances, the Magistrate Judge does not believe that any lesser sanction is appropriate.

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge recommends this case be dismissed with prejudice for failure to prosecute and to obey Court orders. Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court.

Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

7